IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELINDA N. H.,[1]                             2:19-cv-02035-BR

       Plaintiff,                         OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.


ARI D. HALPERN
Halpern Law Group, P.C.
62910 OB Riley Rd., Ste. 100
Bend, OR 97703
(541) 388-8410

D. James Tree
Tree Law Office
3711 Englewood Avenue
Yakima, WA 98902
(503) 452-1700

      Attorneys for Plaintiff

---

    [1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case. Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.


1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**ERIN F. HIGHLAND**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2495

          Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Melinda N. H. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

### I.   Prior Proceedings

On February 5, 2010, Plaintiff protectively filed her applications for DIB and SSI benefits.  Tr. 991.[2]  Plaintiff alleged a disability onset date of March 1, 2007.  Tr. 991. Plaintiff's applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on December 13, 2011.  Tr. 79-141.  Plaintiff and a vocational expert (VE) testified at the hearing.  Plaintiff was represented by an attorney at the hearing.

On April 23, 2012, the ALJ issued a partially favorable decision and found Plaintiff was disabled from October 21, 2009, through September 30, 2011.  Tr. 962-87.  Plaintiff did not appeal that decision.

On July 31, 2012, Plaintiff protectively filed new applications for DIB and SSI benefits.  Tr. 22.  Plaintiff alleged a disability onset date of March 1, 2009.  Tr. 22. Plaintiff's applications were denied initially and on reconsideration.  An ALJ held a hearing on May 12, 2014.

---

[2] Citations to the official Transcript of Record (#11) filed by the Commissioner on May 20, 2020, are referred to as "Tr."

3 - OPINION AND ORDER

Tr. 931-61.  Plaintiff and a VE testified at the hearing.
Plaintiff was represented by an attorney at the hearing.  At the
hearing Plaintiff amended her alleged disability onset date to
May 1, 2012.  Tr. 937.  On January 8, 2015, the ALJ held a
supplemental hearing.  Tr. 48-78.  Plaintiff and a VE testified
at the hearing.  Plaintiff was also represented by an attorney
at the supplemental hearing.

On January 30, 2015, the ALJ issued an opinion in which she
found Plaintiff was not disabled and, therefore, was not
entitled to benefits.  Tr. 22-47.  Plaintiff requested review by
the Appeals Council.  On June 21, 2016, the Appeals Council
denied Plaintiff's request to review the ALJ's decision, and the
ALJ's decision became the final decision of the Commissioner.
Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On August 24, 2016, Plaintiff filed a Complaint in this
Court (Case No. 3:16-cv-01699-JR) seeking review of the
Commissioner's decision.

On March 2, 2018, Magistrate Judge Jolie Russo issued an
Opinion and Order in which she found the ALJ failed to provide
legally sufficient reasons for discounting the medical opinions
of Tae-Im Moon, Ph.D., an examining psychologist, and Carol

4 - OPINION AND ORDER

Jurs, M.A., an examining mental-health professional.[3]
Magistrate Judge Russo reversed the decision of the ALJ and
remanded the case for further administrative proceedings.
Tr. 1125-52.

On April 4, 2018, the Appeals Council remanded the case to
the ALJ for further proceedings as directed by the district
court.  Tr. 1153-55.

## II.  Current Proceeding

Following remand by the Appeals Council the ALJ held a
hearing on October 16, 2018.  Tr. 1075-95.  Plaintiff testified
at the hearing and was represented by an attorney.  A VE was
also present at the hearing, but the VE did not testify.

On March 12, 2019, the ALJ held a supplemental hearing at
which Paul Morison, another VE, testified.  Tr. 1050-74.
Plaintiff was not present at this hearing, but she was
represented by an attorney.

On July 9, 2019, Steven Floyd, another VE, responded to
interrogatories submitted by the ALJ.  Tr. 1283-87.

On September 5, 2019, the ALJ issued an opinion in which
she found Plaintiff is not disabled and, therefore, is not

---

[3] M.A. Jurs's opinion was co-signed by Kari Heistand, M.D.

entitled to benefits.  Tr. 991.

The Appeals Council did not assume jurisdiction following the ALJ's decision, and, therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.984(a), 416.1484(a).

On December 15, 2019, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.


## BACKGROUND

Plaintiff was born on November 3, 1972.  Tr. 327, 1013. Plaintiff was 39 years old on her amended alleged disability onset date.  Tr. 999.  Plaintiff has at least a high-school education.  Tr. 1013.  Plaintiff has past relevant work experience as a cashier.  Tr. 1013.

Plaintiff alleges disability due to Post-Traumatic Stress Syndrome (PTSD), depression, anxiety, "bulging discs in back," sleep apnea, arthritis, right-hip and leg pain, "narrowing of [the] spine," hyperthyroidism, insomnia, and asthma.  Tr. 157-58.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the

medical evidence.  *See* Tr. 997-1013.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11

(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  "It is more than a mere scintilla [of
evidence] but less than a preponderance." *Id.* (citing
*Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's
testimony, resolving conflicts in the medical evidence, and
resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591
(9th Cir. 2009).  The court must weigh all of the evidence
whether it supports or detracts from the Commissioner's
decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th
Cir. 2008).  Even when the evidence is susceptible to more than
one rational interpretation, the court must uphold the
Commissioner's findings if they are supported by inferences
reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d
1047, 1051 (9th Cir. 2012).  The court may not substitute its
judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454
F.3d 1063, 1070 (9th Cir. 2006).

<u>**DISABILITY ANALYSIS**</u>

**I.   The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the
Commissioner determines the claimant is engaged in substantial

gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(i),
416.920(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648
F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the
Commissioner determines the claimant does not have any medically
severe impairment or combination of impairments.  20 C.F.R.
§§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also
Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so
severe as to preclude substantial gainful activity.  20 C.F.R.
§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*,
648 F.3d at 724.  The criteria for the listed impairments, known
as Listings, are enumerated in 20 C.F.R. part 404, subpart P,
appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling

(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not

disabled.   20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since May 1, 2012, Plaintiff's alleged disability onset date in the current application for disability.  Tr. 995.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease and degenerative joint disease of the spine, carpal-tunnel syndrome status post release surgery, asthma, obesity, depression, anxiety, and PTSD. Tr. 996.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 997.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  can only sit for one hour at a time and up to six hours in an eight-hour day; can only stand and walk for one hour at a time and up to six hours in an eight-hour workday; can occasionally climb ramps and stairs; should not climb ladders, ropes, and scaffolds; can occasionally stoop, kneel crouch, and crawl; can frequently finger and handle

with her right (dominant) hand; can occasionally reach with her right hand; should avoid even moderate exposure to extreme cold and to hazards such as exposed machinery and unprotected heights; should avoid concentrated exposure to vibration and to respiratory irritants such as fumes, odors, dusts, gases, and poor ventilation; can understand and remember simple one- and two-step tasks; should have only rare (10% of the time or less) contact with the general public; can have occasional, brief interactions with coworkers; and is able to accept supervision. Tr. 998.

At Step Four the ALJ concluded Plaintiff is unable to perform her past relevant work.  Tr. 1013.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as price-marker. Tr. 1014.  Accordingly, the ALJ found Plaintiff is not disabled. Tr. 1015.


## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to provide legally sufficient reasons for discounting Plaintiff's testimony; (2) failed to provide legally sufficient reasons for discounting the medical opinions of Dr. Moon, an examining

psychologist, and M.A. Jurs, an examining mental-health professional; and (3) found at Step Five that Plaintiff was able to perform other jobs that exist in the national economy.

**I.    The ALJ did not err when she discounted Plaintiff's testimony.**

Plaintiff contends the ALJ erred when she failed to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony.

**A.    Standards**

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant need not show her "impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A claimant is not required to produce "objective medical evidence

13 - OPINION AND ORDER

of the pain or fatigue itself, or the severity thereof."
*Garrison*, 759 F.3d at 1014.

If the claimant satisfies the first step of this
analysis and there is not any affirmative evidence of
malingering, "the ALJ can reject the claimant's testimony about
the severity of her symptoms only by offering specific, clear
and convincing reasons for doing so." *Garrison*, 759 F.3d at
1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,
883 (9th Cir. 2006)(same).  General assertions that the
claimant's testimony is not credible are insufficient. *Parra v.
Astrue,* 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must
identify "what testimony is not credible and what evidence
undermines the claimant's complaints." *Id.* (quoting *Lester v.
Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B.   Analysis**

The ALJ discounted Plaintiff's statements concerning
the intensity, persistence, and limiting effects of her symptoms
on the ground that her statements are not entirely consistent
with the medical evidence and other evidence in the record.
Tr. 1000.  In addition, the ALJ concluded Plaintiff's activities
of daily living and limited work history conflicted with
Plaintiff's subjective symptom testimony.  Tr. 1006.

The Commissioner notes Magistrate Judge Russo found
the ALJ provided clear and convincing reasons in her January
2015 opinion for discounting Plaintiff's testimony based on
these same reasons.  Tr. 1132-37.  Accordingly, the Commissioner
contends Plaintiff is precluded from relitigating the ALJ's
current evaluation of Plaintiff's testimony pursuant to the law-
of-the-case doctrine.  The Commissioner relies on *Stacy v.
Colvin*, 825 F.3d 563 (9th Cir. 2016), to support his argument.

In *Stacy* the Ninth Circuit noted:  "The law of the
case doctrine generally prohibits a court from considering an
issue that has already been decided by that same court or a
higher court in the same case."  825 F.3d at 567.  The court
held re-litigation of issues settled by the district court's
prior remand order may be reconsidered only when (1) the
evidence on remand is substantially different, (2) the
controlling law has changed, or (3) applying the doctrine would
be unjust.  *Id.*

Here the ALJ discounted Plaintiff's testimony in her
opinion issued January 30, 2015, on the grounds that it was
inconsistent with Plaintiff's statements about her symptoms and
limitations, the medical record, Plaintiff's activities of daily
living, and Plaintiff's work history.  Tr. 32-36.  Magistrate

Judge Russo found the ALJ's reasons for discounting Plaintiff's testimony were legally sufficient; the ALJ's reasons were supported by substantial evidence in the record; and, therefore, the ALJ properly discounted Plaintiff's testimony.  Tr. 1132-37. On remand the ALJ gave nearly identical reasons for discounting Plaintiff's symptom testimony.  *See* Tr. 1005-06.

Accordingly, on this record the Court concludes the law-of-the-case doctrine applies, and Plaintiff is, therefore, precluded from relitigating the ALJ's evaluation of her symptom testimony.  In addition, the Court concludes there has not been any change in controlling law, and, therefore, applying the doctrine would not be unjust.  To the extent that the law-of-the-case doctrine may not apply, the Court concludes the ALJ, in any event, provided legally sufficient reasons supported by substantial evidence in the record for discounting Plaintiff's subjective symptom testimony.

**II. The ALJ did not err in her assessment of the medical opinions of Dr. Moon and M.A. Jurs.**

Plaintiff contends the ALJ erred when she failed to provide legally sufficient reasons for rejecting the medical opinions of Dr. Moon, an examining psychologist, and M.A. Jurs, an examining mental-health therapist.

### A.    Standards

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.*  When contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).  An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725.  "The

ALJ must do more than state conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct."  *Id.* (citation omitted).

Medical sources are divided into two categories: "acceptable medical sources" and "other sources."  20 C.F.R. § 416.913.  Acceptable medical sources include licensed physicians and psychologists.  20 C.F.R. § 416.913(a).  Medical sources classified as "other sources" include, but are not limited to, nurse practitioners, therapists, licensed clinical social workers, and chiropractors.  20 C.F.R. § 416.913(d).

With respect to "other sources," the Social Security Administration Regulations provide:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not acceptable medical sources, such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists.  Opinions from these medical sources, who are not technically deemed acceptable medical sources under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

SSR 06-03p, at *3.  Factors the ALJ should consider when determining the weight to give an opinion from those "important"

18 - OPINION AND ORDER

sources include the length of time the source has known the
claimant, the number of times and frequency that the source has
seen the claimant, the consistency of the source's opinion with
other evidence in the record, the relevance of the source's
opinion, the quality of the source's explanation of his opinion,
and the source's training and expertise.  SSR 06-03p, at *4.  On
the basis of the particular facts and the above factors the ALJ
may assign an "other source" either greater or lesser weight
than that of an acceptable medical source.  SSR 06-03p, at *5-6.
The ALJ, however, must explain the weight assigned to such
sources so that a claimant or subsequent reviewer may follow the
ALJ's reasoning.  SSR 06-03p, at *6.  "The ALJ may discount
testimony from . . . 'other sources' if the ALJ 'gives reasons
germane to each witness for doing so.'"  *Molina*, 674 F.3d at
1111 (quoting *Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217,
1224 (9th Cir. 2010)).

Inasmuch as M.A. Jurs's assessment was co-signed by
Dr. Heistand, the Commissioner acknowledges M.A. Jurs's opinion
comes from an acceptable medical source (Def.'s Br. at 6-7),
and, therefore, the ALJ must provide specific and legitimate
reasons supported by substantial evidence in the record for
rejecting M.A. Jurs's opinion rather than the mere "germane-

reasons standard" usually applied to "other" medical sources.

**B.   Analysis**

    **1.   Dr. Moon**

       In September 2012 Dr. Moon completed a psychological examination of Plaintiff.  Tr. 593-97.  Dr. Moon diagnosed Plaintiff with PTSD, depressive disorder NOS, and psychiatric disorder NOS.  Tr. 594.  Dr. Moon assessed Plaintiff's functioning in thirteen "basic work activities" and opined Plaintiff has marked limitations in her ability to understand, to remember, and to persist in tasks by following detailed instruction; to perform activities withing a schedule, to maintain regular attendance, and to be punctual; to learn new tasks; to perform routine tasks without special supervision; to adapt to change in a routine work setting; to be aware of normal hazards and to take appropriate precautions; to ask simple questions or to request assistance; to complete a normal work day and work week without interruptions from her psychological symptoms; and to set realistic goals and to plan independently. Tr. 595.  Dr. Moon also found Plaintiff has severe limitations in her ability to communicate, to perform effectively, and to maintain appropriate behavior in a work setting.  Tr. 595.

       In her January 2015 decision the ALJ gave only partial

20 - OPINION AND ORDER

weight to Dr. Moon's opinion on the grounds that it relied on
Plaintiff's self-reports and was inconsistent with the
Cooperative Disability Investigations Unit (CDIU) report.
Tr. 37-38.  On review by the district court, Magistrate Judge
Russo determined the ALJ failed to provide specific and
legitimate reasons for discounting Dr. Moon's opinion, and,
accordingly, reversed and remanded the case as to that issue.
Tr. 1140-42.

        Following remand, the ALJ again gave Dr. Moon's
opinion "little weight" on the grounds that it is inconsistent
with Dr. Moon's own examination findings and with other evidence
in the medical record, and, in addition, that Dr. Moon did not
provide any analysis or explanation to support his opinion.
Tr. 1009.

        The record reflects the ALJ correctly found Dr. Moon's
opinion was contradicted by his own examination conclusions.
For example, the ALJ noted even though Dr. Moon found
Plaintiff's perception and fund of knowledge are not within
normal limits, Dr. Moon found Plaintiff's stream of thought is
logical and her thought content, orientation, memory,
concentration, and abstract thought are within normal limits.
Tr. 597.  Dr. Moon also noted Plaintiff presented at the

21 - OPINION AND ORDER

examination with a casual/neat appearance, had normal speech,
was cooperative with good eye contact, and had a normal mood.
Tr. 596.  The Ninth Circuit has held contradictions between a
doctor's opinion and the doctor's own observations are clear and
convincing reasons for discounting the doctor's medical opinion.
*See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

        The ALJ also did not err when she concluded Dr. Moon's
opinion is inconsistent with other evidence in the record.
Tr. 1009.  Although the record contains evidence that supports
Dr. Moon's opinion (Pl.'s Br. at 10), the record also contains
evidence that treating providers noted Plaintiff's mental-status
examinations were normal and that she had normal mood, affect,
cooperation, memory, attention, behavior, grooming, and hygiene
(Def.'s Br. at 5).

        The Court must uphold the ALJ's findings if they are
supported by inferences reasonably drawn from the record.  *See
Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002)(if the
"evidence is susceptible to more than one rational
interpretation, one of which supports the ALJ's decision, the
[ALJ's] conclusion must be upheld.").  On this record the Court
concludes the ALJ did not err when she discounted Dr. Moon's
opinion because the ALJ provided legally sufficient reasons

supported by inferences reasonably drawn from the record and by substantial evidence in the record.

### 2.   M.A. Jurs

In December 2011 Plaintiff was examined by M.A. Jurs as part of an application for state benefits.  Tr. 586-91. M.A. Jurs indicated Plaintiff suffered from anxiety, depression, paranoia, and physical chronic pain.  Tr. 587.  She diagnosed Plaintiff with psychosis (NOS), PTSD, depression, and amphetamine dependence (sustained remission).  Tr. 588. M.A. Jurs opined Plaintiff has moderate limitations in her ability to understand, to remember, and to persist in tasks with simple instructions; to learn new tasks; and to be aware of normal hazards and take appropriate precautions.  She also opined Plaintiff has marked limitations in her ability to understand, to remember, and to persist in tasks with complex instructions; to perform routine tasks without undue supervision; and to communicate and to perform effectively in a work setting with limited public contact.  In addition, she opined Plaintiff has severe limitations in her ability to communicate and to perform effectively in a work setting with the public and to maintain appropriate behavior in a work setting.  Tr. 589.

The ALJ gave M.A. Jurs's opinion "little weight" on
the grounds that it conflicted with M.A. Jurs's treatment
records, conflicted with other medical evidence in the record,
and was not supported by any contemporaneous mental-status
findings.  Tr. 1010.  For example, the ALJ noted M.A. Jurs's
opinion that Plaintiff has marked limitations in her ability to
understand, to remember, to follow complex instructions, and to
perform tasks without undue supervision was inconsistent with
Plaintiff's reports of caring for her partner's father including
changing his catheter, administering his insulin, and monitoring
his blood sugars throughout the day.  Tr. 1010, 594.  Plaintiff
described these activities as taking a significant portion of
her day starting at 7:30 a.m.  Tr. 594.  The ALJ found these
tasks consistent with the ability to perform routine tasks
and/or to complete tasks and also consistent with the ALJ's
assessment of Plaintiff's RFC.  Tr. 998.

In addition, the ALJ found M.A. Jurs's opinion that
Plaintiff is severely impaired in her ability to communicate and
to perform effectively in a work setting with public contact was
inconsistent with Plaintiff's treatment record, which showed
Plaintiff did not have any limitations generally communicating
with treating providers.  Tr. 1010.  For example, the medical

record reflected generally that Plaintiff was cooperative and had normal behavior, and there was only one treatment note on April 24, 2014, by Alyssa Sponhauer, F.N.P., that indicated Plaintiff had difficulty communicating.  Tr. 825-26. M.A. Jurs's opinion was written in December 2011, which was six months before Plaintiff's alleged onset day of May 1, 2012.  In addition, when Plaintiff was next seen by M.A. Jurs in May 2012, M.A. Jurs noted Plaintiff had normal speech, good cooperation, linear thought processes, calm affect, alert cognition, and fair-to-good insight and judgment.  Tr. 602-03.

On this record the Court concludes the ALJ did not err when she discounted M.A. Jurs's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

In summary, the Court concludes the ALJ did not err in her assessment of the medical opinions of Dr. Moon and M.A. Jurs.

**III. The ALJ did not err at Step Five.**

Plaintiff contends the ALJ erred at Step Five when she failed to provide legally sufficient reasons for her conclusion that Plaintiff could perform other work in the economy.

**A.    Standards**

As noted, if the ALJ reaches Step Five, she must

determine whether the claimant is able to do other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the ALJ to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The ALJ may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the ALJ meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1).

**B.  Analysis**

At the hearing on March 12, 2019, VE Paul Morrison testified a claimant with the RFC to perform light work and with the same limitations as Plaintiff could not perform Plaintiff's past relevant work as a cashier.  Tr. 1056.  The VE further testified the only occupation that Plaintiff could perform was price-marker.  Tr. 1057.

Subsequent to the hearing the ALJ sent interrogatories to VE Steven Floyd.  Tr. 1283-87.  On July 9, 2019, VE Floyd opined Plaintiff's RFC would prevent an individual from performing all unskilled occupations with jobs that exist in the

national economy "due to a combination of reaching limited to occasional with the right upper extremity, rare contact with the general public, and other elements of the hypothetical." Tr. 1286.

Plaintiff contends the ALJ erred when she failed to provide a legally sufficient basis supported by substantial evidence in the record for rejecting VE Floyd's opinion.

The ALJ instead adopted VE Morrison's opinion even though his testimony was inconsistent with the Dictionary of Occupational Titles (DOT).  Tr. 1014.  The DOT is presumptively authoritative regarding job classifications, but the presumption is rebuttable.  "[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). *See also Kevin L.S. v. Berryhill*, No. 6:18-cv-00269, 2019 WL 7285575, at *12 (D. Or. Sep. 16, 2019)(same).  VE Morrison provided a detailed explanation of how an individual limited to occasional reaching with the right upper extremity would, nonetheless, be able to perform the occupation of price marker.  Tr. 1058-59. VE Morrison based his opinion on his professional experience analyzing occupations and his extensive training.  Tr. 1014.

The ALJ accepted this explanation.  Tr. 1014.  The ALJ also noted VE Floyd "did not appear to understand the difference between a limitation to occasional reaching bilaterally versus a limitation to occasional reaching with one upper extremity." Tr. 1015 n.3.

On this record the Court concludes the ALJ did not err at Step Five and provided legally sufficient reasons supported by substantial evidence in the record for relying on the opinion of VE Morrison.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 15th day of January, 2021.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge